UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORDALE GOLDEN, #690450,

        Petitioner,

v.

CASE NO. 2:15-CV-12650
HONORABLE VICTORIA A. ROBERTS

RANDALL HAAS,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Cordale Golden ("Petitioner") has filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of armed robbery, MICH. COMP. LAWS § 750.529, following a jury trial in the Wayne County Circuit Court and was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to 10 to 15 years imprisonment in 2012. In his pleadings, Petitioner raises claims concerning the scoring of the sentencing guidelines, the trial court's flight instruction, and the effectiveness of trial counsel in advising him not to testify at trial. For the reasons set forth, the Court denies habeas relief. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.    Facts and Procedural History**

Petitioner's conviction arises from the armed robbery of a woman outside a gas station in Detroit, Michigan on April 2, 2012. The Michigan Court of Appeals described the underlying facts,

which are presumed correct on habeas review, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> Defendant's conviction arose out of an altercation with the complainant that began at a gas station. The complainant testified that she and two colleagues had stopped at the gas station, and that she had planned to go into the station to buy cigarettes. As she walked toward the station, a man called her over to a tan car parked by the gas pumps. Defendant was seated in the passenger seat of the tan car. He pointed a gun at the complainant and told her to get into the car. The complainant got into the tan car, and the car drove away. The complainant's colleagues followed in their car, because they were unsure of complainant's reason for entering the tan car.
>
> While the complainant was riding in the tan car, defendant demanded all of her cash, amounting to approximately $500. Once defendant had taken the money, the driver of the tan car slowed down. The complainant jumped out of the tan car and got into her colleagues' car. They subsequently flagged down a police car and reported that the complainant had been robbed.
>
> Later, two police officers on routine patrol observed a tan car run a stop sign. The officers activated their police lights and followed the tan car, which then picked up speed, turned, and picked up speed again. The officers eventually stopped the tan car, and the driver ran from the car. The officers retained defendant. Upon searching defendant, the officers found approximately $400 in cash. The officers did not find a gun in the car.

*People v. Golden*, No. 312542, 2014 WL 2795838, *1 (Mich. Ct. App. June 19, 2014) (unpublished).

Following his conviction and sentencing, Petitioner filed a motion for resentencing and a motion for a new trial. On the resentencing motion, the trial court ruled that Prior Record Variable 5 was incorrectly scored, ordered that the guidelines be corrected to show that Prior Record Variable 5 be scored at two points (rather than five) and that the guidelines show a range of 51 to 71 months. But the trial court denied resentencing because the sentence was within those guidelines. *People v. Golden*, No. 12-003725-01-FC (Wayne Co. Cir. Ct. Dec. 28, 2012).

On the motion for new trial, the trial court conducted an evidentiary hearing on trial

2

counsel's advice and Petitioner's decision not to testify at trial. Trial counsel testified that Petitioner told him that he had prior convictions involving theft and dishonesty. Because of that, trial counsel advised Petitioner not to testify. Counsel provided additional reasons, including the fact that the victim and witnesses' testimony was inconsistent and could create reasonable doubt; and that Petitioner would be admitting to a drug felony if he went forward with his proposed testimony.

Counsel also testified that Petitioner was advised that it was ultimately his decision to testify or not, and that Petitioner decided not to testify after their discussion.

Petitioner testified that he wanted to testify at trial about the drug deal, but that he decided not to do so after counsel advised him that his prior convictions could be used against him. The trial court concluded that counsel was not ineffective and denied the motion for new trial. *People v. Golden*, No. 12-003725-01-FC (Wayne Co. Cir. Ct. May 24, 2013).

Petitioner then filed an appeal of right with the Michigan Court of Appeals raising the same claims presented on habeas review. The court denied relief and affirmed Petitioner's conviction and sentence. *Id.* at *1-4. Petitioner filed an application for leave to appeal with the Michigan Supreme Court; it was denied in a standard order. *People v. Golden*, 497 Mich. 948, 857 N.W.2d 27 (2014).

Petitioner filed this Petition for a Writ of Habeas Corpus. It is fully briefed.

### III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any

> claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court

decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). A habeas court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*. Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.; see also White v. Woodall*, _ U.S. _, 134 S. Ct. 1697, 1702 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, _ U.S. _, 135 S. Ct. 1372, 1376 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v.*

*Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

The requirements of "clearly established law" are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,'" and "[i]t therefore cannot form the basis for habeas relief under AEDPA." *Parker v. Matthews*, 567 U.S. _, 132 S. Ct. 2148, 2155 (2012) (per curiam); *see also Lopez v. Smith*, _ U.S. _ 135 S. Ct. 1, 2 (2014) (per curiam). The decisions of lower federal courts may be useful in assessing the reasonableness of the state court's decision. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Habeas review is also "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV. Discussion

### A. Sentencing Claim

Petitioner first asserts that he is entitled to habeas relief because the trial court mis-scored Prior Record Variable 5 of the state sentencing guidelines. Respondent contends that this claim is not cognizable upon habeas review and that it lacks merit.

A sentence imposed within the statutory limits is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state trial court's sentencing decision are not cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentence is within the statutory maximum for a fourth habitual offender. MICH. COMP. LAWS §§ 750.529, 769.12. Consequently, his sentence is insulated from habeas review absent a federal constitutional violation.

> The Michigan Court of Appeals denied relief on this claim. The court explained:
>
> Pursuant to MCL 777.55(1), the trial court originally assessed five points against defendant under PRV 5, MCL 777.55(1)(d). However, defendant filed a motion for resentencing on the ground that he should have been assessed only two points under MCL 777.55(1)(e). The trial court agreed with defendant's argument and adjusted defendant's PRV 5 score to reflect two points, instead of five points. The court noted that this change would decrease defendant's guidelines range from 81 to 270 months, to 51 to 170 months. The court denied defendant's motion for resentencing and stated, "Allowing for the modified scoring of PRV 5 and change in the guidelines of 50 to 170 months, his sentence of ten to fifteen years as a fourth habitual offender is within the guidelines and does not merit resentencing." (Emphasis added.)
>
> Defendant now argues that he is entitled to be resentenced based on the adjusted guidelines range. Defendant does not dispute the trial court's finding that his minimum sentence of 10 years, as a fourth habitual offender, falls within the adjusted guidelines range of 51 to 170 months. However, resentencing is not

required "where the trial court has clearly indicated that it would have imposed the same sentence regardless of the scoring error and the sentence falls within the appropriate guidelines range."People v. Francisco, 474 Mich. 82, 89 n 8; 711 NW2d 44 (2006), citing People v. Mutchie, 468 Mich. 50, 51; 658 NW2d 154 (2003). In the instant case, defendant's sentence is within the new guidelines range of 51 to 170 months, which reflected the adjusted PRV 5 score. Additionally, the trial court made it clear that the same sentence—10 to 15 years as a fourth habitual offender—would have still been imposed if the original guidelines had been set at 51 to 170 months. Thus, the trial court did not err, and defendant is not entitled to resentencing.

*Green*, 2011 WL 6004067 at *11-13.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Petitioner's claim that the trial court erred in scoring a prior record variable of the Michigan sentencing guidelines is not cognizable on habeas review because it is a state law claim. *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue which is not cognizable on federal habeas review); *see also Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016) (stating that errors in the application of state sentencing guidelines "cannot independently support habeas relief"); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Alleged errors in scoring a prior record or offense variable and determining the sentencing guideline range does not justify federal habeas relief.

Moreover, to the extent that Petitioner contests the state court's interpretation of state law as to the scoring of Prior Record Variable 5 and the application of the sentencing guidelines, he is not entitled to relief. It is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas

review." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). State courts are the final arbiters of state law and federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner thus fails to state a claim upon which relief may be granted.

Petitioner, however, also asserts that his sentence violates federal due process. A sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner makes no such showing. The record reveals that he had a sentencing hearing and a resentencing motion hearing before the state trial court with an opportunity to challenge the scoring of the guidelines. The trial court corrected the alleged error at the resentencing motion hearing, but ruled that resentencing was not required because the sentence was still within the guidelines. Petitioner fails to establish that the trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. He received all the process he was due. Habeas relief is not warranted on this claim.

### B.  Jury Instruction Claim

Petitioner next asserts that he is entitled to habeas relief because the trial court erred by

9

giving the jury a flight instruction; Petitioner believes that the evidence did not support the instruction. Respondent contends that this claim lacks merit.

In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than the instructions are undesirable, erroneous or universally condemned. Rather, taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair. *Estelle*, 502 U.S. at 72; *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). If an instruction is ambiguous and not necessarily erroneous, it violates the Constitution only if there is a reasonable likelihood that the jury applied the instruction improperly. *Binder v. Stegall*, 198 F.3d 177, 179 (6th Cir. 1999). A jury instruction is not to be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. *Jones v. United States*, 527 U.S. 373, 391 (1999); *Grant v. Rivers*, 920 F. Supp. 769, 784 (E.D. Mich. 1996). State law instructional errors rarely form the basis for federal habeas relief. *Estelle*, 502 U.S. at 71-72; *Rashad v. Lafler*, 675 F.3d 564, 569 (6th Cir. 2012).

The Michigan Court of Appeals denied relief on this claim ruling that the flight instruction was appropriate under state law. The court explained:

> Defendant argues that the trial court erred by including this instruction because there was a lack of evidence that defendant attempted to flee from the police. "It is well established in Michigan law that evidence of flight is admissible." *People v. Coleman*, 210 Mich App 1, 4; 532 NW2d 885 (1995). Flight evidence is probative to "indicate consciousness of guilt." *Id*. Flight can include actions such as "fleeing the scene of the crime, leaving the jurisdiction, running from the police, resisting arrest, and attempting to escape custody." *Id*. Pursuant to M Crim JI 4 .4, the model jury instruction for flight, the trial court instructed the jury:
>
>> Now, there's been some evidence that the Defendant tried to runaway [sic] and talking about in the course of the police chase and the car stops and all those kind of things, and you can decide whether or not the Defendant was trying to runaway [sic], that's your call, when the police was [sic] trying to stop the car. That evidence

> does not prove guilt. A person may run or hide for innocent reasons such as panic, mistake or fear. However, a person may also run or hide because of consciousness of guilt. You must decide whether the evidence was true, and if true, whether it shows that the Defendant had a guilty state of mind.
>
> Contrary to defendant's argument, the trial court did not abuse its discretion by determining that the facts of the case warranted a jury instruction for flight. *Dobek*, 274 Mich App at 82. In overruling defendant's objection on this particular jury instruction, the court noted that the evidence presented at trial indicated that defendant was a passenger in the tan car that fled police. Moreover, the driver of the tan car stopped the vehicle at one point, before pulling over and running, and defendant likely could have left the vehicle at that point. The trial court can still instruct the jury on flight even though defendant was a passenger and not the driver, in a vehicle that fled from police. The court properly included this instruction because the court did not instruct the jury that defendant definitively fled the police, but instead stated that the flight evidence was not evidence of defendant's guilt for the charged offenses, and the jury still had to determine whether defendant actually fled from the police. Therefore, the instruction was properly given.

*Golden*, 2014 WL 2795838 at *2.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Although the United States Supreme Court has expressed skepticism as to the probative value of evidence of flight, *see Wong Sun v. United States*, 371 U.S. 471, 483 n. 10 (1963), it has recognized that such evidence may be relevant to show consciousness of guilt. *See Allen v. United States*, 164 U.S. 492, 499 (1896) ("Indeed, the law is entirely well settled that the flight of the accused is competent evidence against him as having a tendency to establish his guilt."); *see also Illinois v. Wardlow*, 528 U.S. 119, 124-25 (2000) (suspect's unprovoked flight from police was relevant to issue of reasonable suspicion, because "[h]eadlong flight-wherever it occurs-is the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such."). Under Michigan law, evidence of flight is relevant and admissible to prove consciousness of guilt. *People v. Unger*, 278

Mich. App. 210, 226, 749 N.W.2d 272 (2008) (citing *People v. Goodin*, 257 Mich. App. 425, 432, 668 N.W.2d 392 (2003); *People v. Coleman*, 210 Mich. App. 1, 4, 532 N.W.2d 885 (1995)).

The prosecution presented evidence that Petitioner fled the scene in a car driven by one of his cohorts and that he had the opportunity to flee the vehicle (although he did not do so). Such evidence was sufficient to justify the flight instruction. Moreover, "[b]ecause the jury instruction directed [the] jurors to make their own determinations as to whether [Petitioner] did in fact flee and if so, what state of mind such flight evinced, the trial judge's instruction regarding flight was not so prejudicial as to render the entire trial fundamentally unfair." *Burton v. Renico*, 391 F.3d 764, 778 (6th Cir. 2004). Petitioner fails to establish a due process violation. Habeas relief is not warranted on this claim.

### C. Ineffective Assistance of Trial Counsel Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because trial counsel was ineffective for advising him not to testify at trial based upon incorrect information that he had a prior conviction involving theft or dishonesty, such that he was denied the right to present a defense. Respondent contends that this claim lacks merit.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance

12

prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id*.

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id*. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id*. at 689. There is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding. *Id*. "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions

13

were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland'*s deferential standard." *Id.*

Citing the *Strickland* standard, the Michigan Court of Appeals denied relief on this claim. The court explained in relevant part:

> Trial counsel has a duty to conduct a reasonable investigation, and a failure to do so can constitute ineffective assistance of counsel. *People v. McGhee*, 268 Mich App 600, 626; 709 NW2d 595 (2005). Despite defendant's contention to the contrary, his trial counsel did conduct an investigation into defendant's previous convictions. Defendant's trial counsel testified at the evidentiary hearing that he checked his office's "I Chat" system and was able to retrieve defendant's criminal record—which did not include any convictions involving theft or dishonesty. However, trial counsel was aware that the "I Chat" system was not always accurate, so he verified the information with defendant. Defendant advised trial counsel that he thought he had two other convictions, "RCSP Motor Vehicle, or an UDAA," one of which involved theft or dishonesty.
>
> Defendant cannot show that his counsel's performance fell below an objective standard of reasonableness, *Trakhtenberg*, 493 Mich. 38 at 51, because trial counsel reasonably relied on the information defendant provided when advising defendant not to testify. In part, trial counsel advised defendant not to testify in order to avoid the prosecution eliciting information on those convictions during cross-examination. Counsel's performance was not objectively unreasonable. Additionally, counsel's advice to defendant not to testify on his own behalf has a presumption of a sound trial strategy that defendant has failed to overcome. *People v. Tommolino*, 187 Mich App 14, 17; 466 NW2d 315 (1991). This Court has established that it will not substitute its judgment for trial counsel regarding trial strategy. *Unger*, 278 Mich App at 242–243. Trial counsel properly informed defendant of his right to testify on his own behalf and ensured, on the record, that defendant knew that the ultimate decision to testify rested on defendant himself. Finally, trial counsel also testified that he would have advised defendant not to testify regardless of any prior convictions involving dishonesty or theft.
>
> Even if trial counsel's conduct had been objectively unreasonable, defendant has not shown that the result of his proceedings would have been different. *Trakhtenberg*, 493 Mich. at 51. Defendant may have decided not to testify regardless of any prior convictions, based on his role in the incident. Moreover, the prosecution had already presented significant testimony implicating defendant. The complainant identified defendant as the individual who robbed her while pointing a weapon at her. Moreover, according to one of the testifying police officers, defendant was in the passenger seat of the tan car when the car eventually pulled over. Due to this

evidence, defendant cannot prove that the result of his proceedings would have been different. Defendant has not demonstrated that his trial counsel was ineffective and has not demonstrated that the outcome of his trial would have been different but for counsel's performance.

*Golden*, 2014 WL 2795838 at *3-4.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, Petitioner fails to establish that trial counsel's performance was deficient. Well-established federal law requires that defense counsel conduct a reasonable investigation into the facts of a defendant's case, or make a reasonable determination that such investigation is unnecessary. *Wiggins*, 539 U.S. at 522-23; *Strickland*, 466 U.S. at 691; *Stewart v Wolfenbarger*, 468 F.3d 338, 356 (6th Cir. 2007); *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). The duty to investigate "includes the obligation to investigate all witnesses who may have information concerning . . . guilt or innocence." *Towns*, 395 F.3d at 258. That being said, decisions as to what evidence to present and whether to call certain witnesses are presumed to be matters of trial strategy. When making strategic decisions, counsel's conduct must be reasonable. *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000); *see also Wiggins*, 539 U.S. at 522-23. The failure to call witnesses or present evidence constitutes ineffective assistance of counsel only when it deprives a defendant of a substantial defense. *Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004); *Hutchison v. Bell*, 303 F.3d 720, 749 (6th Cir. 2002).

In this case, the record indicates that Petitioner and trial counsel discussed whether Petitioner should testify on his own behalf at trial. During this discussion, Petitioner told trial counsel that he had prior convictions which involved theft or dishonesty and counsel advised him that such convictions could be used to impeach his testimony. Counsel and Petitioner also discussed the inconsistencies in the prosecution's case which could create reasonable doubt,

counsel's concern that Petitioner would be admitting to a drug felony if he presented his proposed testimony, and the fact that Petitioner would nonetheless be subject to cross-examination if he testified. While counsel did not think it was in Petitioner's best interest to testify, he advised Petitioner that it was ultimately his decision. After their discussion, Petitioner decided not to testify at trial and his decision was placed on the record. Trial counsel's conduct and advice in this regard was reasonable under the circumstances.

Second, Petitioner fails to establish that he was prejudiced by counsel's conduct. Petitioner understood that he had a right to testify and that the decision was entirely his decision, and chose not to testify at trial. Even if counsel failed to properly investigate Petitioner's prior convictions or misadvised him about their impeachment value, Petitioner had other reasons not to testify such as lack of necessity due to his reasonable doubt defense, the fact that he would be admitting to a drug felony, and the fact that he would be subject to cross-examination, which carried inherent risks. Moreover, trial counsel was able to cross-examine the victim and the other witnesses and highlight inconsistencies in their testimony and to argue reasonable doubt as a defense to the charges, even without Petitioner's testimony. Petitioner was not deprived of a substantial defense at trial. There is also no reasonable probability that the outcome of the trial would have been different but for counsel's conduct. Petitioner fails to demonstrate that trial counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on this claim.

## V. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the Petition for a Writ of Habeas Corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner makes no such showing. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

    **IT IS SO ORDERED**.

    S/Victoria A. Roberts
    VICTORIA A. ROBERTS
    UNITED STATES DISTRICT JUDGE

Dated: June 20, 2017